## Commonwealth *v.* Johnson, Appellant.

*Criminal law—Murder—Degree—Accessory before the fact—Evidence.*

Where a person indicted for murder pleads guilty, a finding by the court that the crime was murder of the first degree will be sustained, where the evidence shows that the prisoner confessed in the presence of at least three witnesses, that he participated in the crime so far as planning the means of perpetrating it and naming the perpetrators, and that his confession was corroborated by other circumstances attending the commission of the crime.

Argued April 17, 1905. Appeal, No. 98, Jan. T., 1905, by defendant, from judgment of O. & T. Bradford Co., Dec. T., 1904, No. 11, of sentence of guilty of murder of the first degree in case of Commonwealth v. Bigler Johnson. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Indictment for murder.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the sentence of the court.

*Wm. Foyle* and *L. T. Hoyt*, for appellant.—The presumption against the accused is no higher than that the homicide is murder in the second degree, and it lies on the commonwealth to establish the facts and circumstances which constitute murder in the first degree: Commonwealth v. Drum, 58 Pa. 9; Jones v. Com., 75 Pa. 403 ; Kelly v. Com., 1 Grant, 484 ; Com. v. Cleary, 148 Pa. 26; Keenan v. Com., 44 Pa. 55; Com. v. Randolph, 146 Pa. 83.

*Charles E. Mills*, district attorney, and *William Maxwell*, *Stephen H. Smith* and *David E. Kaufman*, for appellee.

PER-CURIAM, May 1, 1905:

The defendant pleaded guilty of murder on a bill duly found against him. There was no evidence to fix the degree at the time the plea was entered. On February 16, 1905, after a full hearing, the grade of the crime was fixed by the court below as

murder of the first degree and sentence was imposed accordingly. We have now this appeal by the defendant, averring that the court erred in fixing the grade higher than murder of the second degree. The learned judge says in his finding: " After careful, earnest and conscientious consideration of all the evidence and circumstances of the case, as disclosed by the examination of witnesses as directed by the act of assembly, we determine and fix the degree of crime of which the prisoner is convicted by confession to be that of murder of the first degree."

This finding is alleged to be error because Johnson's crime does not come under any of the statutory definitions of murder of the first degree. The statute says: " All murder, which shall be perpetrated by means of poison or lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempt to perpetrate any arson, rape, robbery, or burglary shall be deemed murder of the first degree and all other kinds of murder shall be deemed murder of the second degree."

Under the evidence, this was within the very words of the statute a deliberate and premeditated killing. Johnson, the defendant, confessed in the presence of at least three witnesses that he participated in the crime so far as planning the means of perpetrating it and naming the perpetrators. This made him an accessory before the fact. It is true, that even confessions of a crime such as this, have sometimes, subsequently, been demonstrated false, but such cases are exceptional. Here the corroborating circumstances attending the commission of the crime show this confession to have been true in all material particulars. Prisoner's confession, in view of those circumstances, fixes the grade of the offense as murder of the first degree for, according to the 44th section of the Act of March 31, 1860, P. L. 427, he must be punished the same as if he were a principal.

This crime, then, being willful, deliberate and premeditated, was at once raised from murder of the second degree as the prisoner had confessed, to murder of the first degree, which the evidence proved and as the court correctly found.

The judgment of the court below is affirmed and it is directed that the record be remitted that the judgment may be carried into effect according to law.